# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

CLEVE WHITE,

        Plaintiff,

v.                                             Case No. 3:22-cv-1051-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,[1]

        Defendant.

_____

# OPINION AND ORDER[2]

## I.   Status

Cleve White ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of bilateral arm pain/carpal tunnel syndrome, bilateral sensorineural hearing loss, insomnia, cervical spine spondylosis with radiculopathy, bilateral

---

[1]    Mr. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Mr. O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]    The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 7), filed December 22, 2022; Reference Order (Doc. No. 10), entered December 23, 2022.

plantar fasciitis, right eye cornea opacity, tinnitus, right side neuralgia, osteoarthritis, and patellofemoral syndrome. Transcript of Administrative Proceedings (Doc. No. 8; "Tr." or "administrative transcript"), filed December 22, 2022, at 67, 88, 278. Plaintiff protectively filed an application for DIB on November 10, 2020, alleging a disability onset date of May 1, 2020.[3] Tr. at 212-18. The application was denied initially, Tr. at 66-85, 86, 87, 98-103, and upon reconsideration, Tr. at 88-96, 97, 118-21.

On February 11, 2022, an Administrative Law Judge ("ALJ") held a hearing,[4] during which he heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 41-65. On April 13, 2022, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 16-34.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by his counsel. See Tr. at 5-6 (Appeals Council exhibit list and order), 206-08 (request for review), 344-47 (brief). On July 26, 2022, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4,

---

[3] Although actually completed on December 4, 2020, see Tr. at 212, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as November 10, 2020, see, e.g., Tr. at 67, 88.

[4] The hearing was held via telephone with Plaintiff's consent because of extraordinary circumstances caused by the early stages of the COVID-19 pandemic. Tr. at 43, 130-42, 192, 202.

thereby making the ALJ's Decision the final decision of the Commissioner. On September 26, 2022, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff contends the ALJ: 1) failed to "adequately evaluate the opinion of the consultative examiner, [Adejuyigbe] Adaralegbe[, M.D.]," and 2) "did not resolve an apparent inconsistency between the [VE's] testimony and the Dictionary of Occupational Titles." Memorandum in Opposition to the Commissioner's Decision (Doc. No. 13; "Pl.'s Mem."), filed January 16, 2023, at 1; see id. at 3-10, 11-18. On February 10, 2023, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 14; "Def.'s Mem.") addressing the issues. Then, as permitted, Plaintiff on February 23, 2023 filed Plaintiff's Reply Brief (Doc. No. 15; "Reply").

After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of Dr. Adaralegbe's opinion. On remand, reevaluation of this evidence may impact the Administration's consideration of the remaining issue on appeal. For this reason, the Court need not address the parties' arguments on that issue. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered

on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II.   The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 18-33. At step one,

---

[5]   "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since May 1, 2020, the alleged onset date." Tr. at 18 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: sensorineural hearing loss, bilaterally; bilateral carpal tunnel syndrome; bilateral plantar fasciitis; degenerative disc disease; patellofemoral syndrome; acromioclavicular joint arthritis; and right ilioinguinal neuralgia." Tr. at 19 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 19 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform less than the full range of light work as defined in 20 CFR [§] 404.1567(b), except with the following limitations; a 30-minute sit/stand option. No climbing ladders/ropes/scaffolds but occasional other postural activities (climbing ramps/stairs, balancing, stooping, kneeling crouching, and crawling). Occasional overhead reaching and frequent handling and fingering. [Plaintiff] is limited to work settings with a noise level of 3 or moderate. No concentrated exposure to vibrations, work around moving mechanical parts, or work at unprotected heights. [Plaintiff] is limited to work that requires little or no judgment to do simple duties that can be learned on the job in a short time (up to and including 30 days), and able to deal with the changes in a routine work setting.

Tr. at 19 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as an "Aircraft Maintenance Repairer" and an "Aircraft Maintenance Clerk." Tr. at 32 (some emphasis, capitalization, and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("43 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 32 (emphasis and citations omitted), such as "Gate Attendant," "Ticket Seller," and "Counter Clerk," Tr. at 33 (emphasis and some capitalization omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from May 1, 2020, through the date of th[e D]ecision." Tr. at 33 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005)

(quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff argues the ALJ erred in evaluating the opinion of Dr. Adaralegbe, an examining physician. Pl.'s Mem. at 3-10; Reply at 2-7. Responding, Defendant contends the ALJ correctly analyzed Dr. Adaralegbe's opinion, and the ALJ's reasons for finding it partially persuasive are supported by substantial evidence. Def.'s Mem. at 4-10.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding

the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. § 404.1513(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical condition, including judgments about the nature and severity of [a claimant's] impairments, [a claimant's] medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. § 404.1513(a)(3).

An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R.

§ 404.1520c(a). [6] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. § 404.1520c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. § 404.1520c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not

---

[6] Plaintiff filed his DIB application after the effective date of section 404.1520c, so the undersigned applies the revised rules and Regulations.

- 9 -

exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. § 404.1520c(b)(3).[7]

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink, 935 F.3d at 1268); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, Dr. Adaralegbe examined Plaintiff and authored a report on April 10, 2021. Tr. at 782-87. In relevant part, Dr. Adaralegbe opined that Plaintiff

---

[7] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. § 404.1520c(b)(1).

"has limitations in sitting, standing, and walking" and "can perform this action occasionally due to chronic low back pain with lumbar radiculopathy and right inguinal nerve neuropathy." Tr. at 787. Also, according to Dr. Adaralegbe, Plaintiff "has limitations in lifting and carrying" such that he can "lift and carry 5lbs occasionally on either side due to [the same diagnoses]." Tr. at 787.

The ALJ, in analyzing Dr. Adaralegbe's opinion, wrote the following in pertinent part:

> In a Medical Source Statement (MSS) of functional abilities and specific restrictions, based on the physical examination, Dr. Adaralegbe concluded [Plaintiff] has limitations in sitting, standing, and walking. He can perform this action occasionally due to chronic low back pain with lumbar radiculopathy and right inguinal nerve neuropathy. [Plaintiff] has limitations in lifting and carrying. He can lift and carry about 5 pounds occasionally on either side due to chronic low back pain with lumbar radiculopathy and right inguinal nerve neuropathy. In the Plan and Recommendations, Dr. Adaralegbe recommended follow up with the primary care provider and follow up with Pain Medicine.
>
> I find the opinion of Dr. Adaralegbe partially persuasive in this determination. The diagnosed opinions are consistent with the objective evidence in the record and thus persuasive. The MSS lifting and carrying limitation is not supported by the consultative exam findings, thus not persuasive. The limitations of occasional sitting, standing and walking are persuasive as supported by the objective medical evidence and exam findings, thus included in the less than full range of Light exertion RFC herein.

Tr. at 29 (citation omitted).

The ALJ erred in addressing Dr. Adaralegbe's opinion as it relates to Plaintiff's only occasional ability to sit, stand, and walk. In the RFC, the ALJ limited Plaintiff to light work with a 30-minute option to sit/stand. Tr. at 19. According to the ALJ, this limitation adequately accounted for the "persuasive" opinion of Dr. Adaralegbe that Plaintiff can only occasionally sit, stand, and walk. But, it did not. "Occasional" is defined by the SSA as "occurring from very little up to one-third of the time." SSR 83-10, 1983 WL 31251 (SSA 1983). Light work, however, "requires a good deal of walking or standing," with "the full range of light work requir[ing] standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday" with sitting being permitted "intermittently during the remaining time." Id. So, when the ALJ simply permitted a 30-minute option to sit/stand, without any other frequency limitations on Plaintiff's ability to sit, stand, and walk, the ALJ did not adequately account for Dr. Adaralegbe's opinion in this regard.[8]

---

[8] Defendant does not seriously dispute the evident conflict in the ALJ's RFC finding and the analysis of Dr. Adaralegbe's opinion. Instead, Defendant places the burden on Plaintiff, arguing: "Plaintiff failed to establish that the ALJ's RFC required him to sit more than one-third of the workday, stand for more than one-third of the workday, or walk for more than one-third of the workday." Def.'s Mem. at 10. This contention misses the mark. The logical interpretation of the RFC for light work with only a 30-minute sit/stand limitation, combined with the SSA's own definitions of light work, is that the RFC indeed requires Plaintiff to sit, stand, or walk more than one-third of the workday.

Defendant also argues, "Plaintiff does not cite evidence that he asked the VE to clarify the effect of his alleged limitation on the identified jobs." Id. Plaintiff, however, did not have any such obligation. Moreover, at the hearing stage, Plaintiff did not have the benefit of the ALJ's Decision and analysis of Dr. Adaralegbe's opinion. Plaintiff could not have anticipated this issue.

The matter must be reversed and remanded for reconsideration of Dr. Adaralegbe's opinion. Because the Administration on remand will be reconsidering this opinion, it shall address as appropriate Plaintiff's argument that the ALJ overlooked key evidence and examination findings in determining Dr. Adaralegbe's opinion on lifting and carrying was not persuasive.

## V.  Conclusion

In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A) Reconsider Dr. Adaralegbe's opinion about the effects of Plaintiff's conditions on his ability to work;

(B) If appropriate, address Plaintiff's other argument in this appeal; and

(C) Take such other action as may be necessary to resolve this claim properly.

    2.    The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on February 12, 2024.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record